George GUNTER, et al., Appellants,

v.

**KIKK RADIO STATION, et al., Appellees.**

No. 01–86–601–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Feb. 26, 1987.

Rehearing Denied March 26, 1987.

Roger T. Minor, Houston, for appellants.

Joe C. Holzer, Matthew H. Hartzell, Hirsh & Westheimer, P.C., Houston, for appellees.

OPINION

Before WARREN, HOYT and DUNN, JJ.

WARREN, Justice.

This is an appeal of the entry of a take-nothing summary judgment against George Gunter and his wife in a breach of contract case.

In September 1981, appellees, owners and operators of a radio station, broadcast that they would always play at least three consecutive songs "commercial free" or without a "break for commercials" and that they would pay $25,000 to the first person who called and pointed out that a commercial had aired before three consecutive songs had played. On September 28, 1981, during the second song of a three-song set, appellants heard the phrase "hi, and welcome to Mossy Oldsmobile" and immediately phoned appellees and claimed the $25,000. Appellees refused to pay contending that the phrase did not constitute a commercial and had been played by mistake.

Appellants filed this suit alleging breach of contract. Appellees filed an answer and a motion for summary judgment in which they admitted that they played the phrase and that appellants were the first to call, but claimed that as a matter of law the phrase aired was not a commercial. Appellees alleged that the sole issue in the case was whether the phrase constituted a "commercial" and that the term, as used in their promotion, meant "an advertising message paid for by a company or organization desiring to enhance its goodwill in the community," and was not ambiguous. Appellees attached the affidavit of appellee Joe Ladd, KIKK's music director and the person who played the phrase, that stated that appellees did not intend the phrase to be a commercial, that the phrase was not a scheduled commercial, that it was played inadvertently, and that appellees had not been paid to air the phrase. Appellants filed a response that contained no controverting affidavit or summary judgment evidence, but contended that the meaning of "commercial" included the phrase.

A contract is ambiguous when its meaning is uncertain and doubtful or it is reasonably susceptible to more than one meaning. *Coker v. Coker*, 650 S.W.2d 391, 393 (Tex.1983). Whether a contract is ambiguous is a question of law for the court to decide by looking at the contract as a whole in light of the circumstances present when the contract was made. *Id.* at 394. The interpretation of a contract that the court has determined to be ambiguous is a fact issue to be resolved by the fact finder. *Id.*

The term "commercial" is reasonably susceptible to more than one meaning in light of the circumstances present when the offer was made. Business entities strive to prominently display only their names or their products' names in stadiums, newspapers, magazines, on billboards, bumper stickers, T-shirts, radio, television, and in or on any other suitable medium. The transmittal and exposure of a business entity's name or brand name are common, effective promotional strategies, which the public considers to be commercials or advertisements. Although radio commercials usually contain more than the mere mention of a name, this does not mean that the

term "commercial" connotes such a definite meaning so as to exclude, as a matter of law, a six-word phrase containing a business entity's name played during the broadcast of a song.

Assuming that all of the statements made by Mr. Ladd are true, they do not establish, as a matter of law, that the phrase broadcasted was not a commercial. It is common knowledge that some commercials are broadcast as a public service, without charge. The fact that a commercial message was broadcast inadvertently or at an unscheduled time would not make it any less a commercial.

Webster's Ninth New Collegiate Dictionary 265 (1983) defines the noun "commercial" as "an advertisement broadcast on radio or television." We are confident that other dictionaries ascribe other, more expansive meanings to the noun "commercial."

We hold that the question of whether appellees played three consecutive songs "commercial free" or without a "break for commercials" is a question of fact to be resolved by the fact finder.

Appellant's point of error is sustained.

The judgment is reversed, and the cause is remanded.